1

2

**WO**

3

4

5

6

7

8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9

10

11

12

13

14

| Jaron D. Perkins, | No. CV-20-00148-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| TimePayment Corp., | |
| Defendant. | |

15

16

17

18

At issue is Defendant TimePayment Corp.'s Motion to Dismiss (Doc. 14, Mot.), to which *pro se* Plaintiff Jaron D. Perkins filed a Response (Doc. 17, Resp.) and Defendant filed a Reply (Doc. 19, Reply).

## I.    BACKGROUND

19

20

21

22

23

24

25

26

In the Complaint (Doc. 1), Plaintiff alleges he discovered through Experian, acting as a credit monitoring service, that his credit report included a debt he owed to Defendant, which debt he disputes.[1] Plaintiff contacted Defendant repeatedly about the reported debt but received no response. Plaintiff claims his credit score has been adversely affected by Defendant's reporting of the debt to credit report agencies. As a result, Plaintiff filed this lawsuit raising claims against Defendant under the Fair Credit Reporting Act ("FCRA"), including under 15 U.S.C. §§ 1681s–2(a) and (b), and seeking $300,000 in damages for

27

28

---

[1] Defendant contends Plaintiff and non–party Laeticia Estrada are the personal guarantors of a commercial finance lease between Defendant, as lessor, and Don't Let the Bed Bugs Bite LLC, as lessee—an entity of which both Plaintiff and Estrada are members.

the FCRA violations and $150,000 in punitive damages. Defendant now moves to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## I.     LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.    ANALYSIS

At the outset, the Court notes that, in his Response, Plaintiff cites and applies an outdated Rule 12(b)(6) standard—the pre-*Iqbal* and *Twombly* notice pleading standard. Under the current standard, Plaintiff is incorrect that he need only provide notice of the nature of his claim to Defendant. (*See* Resp. at 2–3.) As the Court set forth above, to survive a Rule 12(b)(6) challenge, the complaint must contain sufficient non-conclusory factual allegations from which the Court can plausibly infer that Plaintiff has stated a legal claim for relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

In the Motion to Dismiss, Defendant first contends that Plaintiff cannot bring a claim under § 1681s–2(a) against Defendant, a furnisher of information to credit reporting agencies, in the circumstances Plaintiff alleges, and the Court agrees. The FCRA regulates creditors and other entities who furnish credit information to the agencies. 15 U.S.C. § 1681s–2. Under the FCRA, furnishers must report accurate information to the agencies and must investigate a consumer's dispute about reported information when an agency notifies a furnisher of a dispute. §§ 1681s–2(a), (b). Upon receiving notice, a furnisher has a statutory duty to investigate and correct the information, if necessary. § 1681s–2(b). If a furnisher fails to investigate, respond to, or correct the disputed information, then the FCRA provides a private right of action for the affected individual to sue the furnisher. *See* §§ 1681n, o; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

Although the FCRA prohibits furnishers from providing inaccurate information to the agencies, it does not provide a private right of action to individuals for violations of that provision. *See* § 1681s–2(a); *Nelson*, 282 F.3d at 1059 (stating only federal or state officials may bring actions for § 1681s–2(a) violations). Under the statute, private actions for violations of the FCRA brought under § 1681o must address conduct violating § 1681s–2(b) as opposed to 2(a).

With those statutory provisions in mind, Plaintiff's claim against Defendant for violation of § 1681s–2(a) fails, because no such private right of action exists. The Court must therefore dismiss that claim with prejudice.[2]

Defendant next argues that Plaintiff's claim under § 1681s–2(b) also fails because he does not allege that he contacted an agency to dispute his reported debt to Defendant (the furnisher), that the agency then notified Defendant of the dispute, and that Defendant

---

[2] Defendant also points out that, in his Response, Plaintiff failed to address Defendant's argument for dismissal of Plaintiff's claim under § 1681s–2(a), effectively waiving his opposition to dismissal of that claim. The Court agrees that Plaintiff's failure to respond to Defendant's request for dismissal of the § 1681s–2(a) claim entitles Defendant to summary disposition of that claim under LRCiv 7.2(i). *See Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

failed to investigate—the process required by the provisions of the FCRA. The Court again agrees. Plaintiff simply alleges that he contacted Defendant repeatedly about the debt, not that he contacted an agency to initiate the FCRA dispute process and the agency then contacted Defendant. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (stating "duties [under § 1681s–2(b)] arise only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger the furnishers' duties under subsection (b)"). As a result, the Court must also dismiss Plaintiff's claim under § 1681s–2(b). Because the Court finds Plaintiff cannot cure the defects in his Complaint by amendment, the Court dismisses the claims in the Complaint with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

IT IS THEREFORE ORDERED granting Defendant's Motion to Dismiss (Doc. 14) and dismissing Plaintiff's claims with prejudice.

IT IS FURTHER ORDERED directing the Clerk of Court to enter final judgment in this matter and close this case.

Dated this 22nd day of September, 2020.

Honorable John J. Tuchi
United States District Judge

- 4 -